## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STEPHEN M. WESTFALL,** | * | |
| **Plaintiff** | * | |
| **v** | * | **Civil Action No. GJH-20-271** |
| **OFFICER ANDREW TICHNELL,** *et al.*, | * | |
| **Defendants** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Stephen Matthew Westfall, a state inmate currently confined at Roxbury Correctional Institution, brings this civil action pursuant to 42 U.S.C. § 1983, against Defendants Officer Andrew Tichnell, Officer Charles Goldstrom, Cumberland City Police Department (collectively, the "Police Defendants"), State's Attorney for Allegany County Michael Twigg, Allegany County Circuit Court Judge W. Timothy Finan, and Assistant Public Defender Michael Stankan. ECF No. 3 at 4. Plaintiff seeks monetary damages for Defendants' alleged deprivation of his civil rights. *Id.*

The Police Defendants have moved to dismiss the Complaint, claiming that the Complaint is untimely, and Plaintiff has failed to state a claim. ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, the Court grants Police Defendants' Motion to Dismiss and, pursuant to 28 U.S.C. § 1915, dismisses the Complaint as to the remaining Defendants.

## I.     BACKGROUND

On January 31, 2020, Plaintiff filed a Complaint stemming from an allegedly improper interrogation and the resulting criminal proceedings. ECF No. 1. In this initial Complaint,

Plaintiff alleges that the statements he made to Officers Tichnell and Goldstrom on August 17

and 18, 2010, after being arrested, were the product of "emotional, mental, physical and

psychological duress, being without medications, proper nutrition and circumstances of living

conditions for over a (1 1/2) week period." *Id.* at 2. Plaintiff further alleges "[t]hat threats of

abuse and harm were made[] if [Plaintiff] did not cooperate and that[,] even after requesting

such, counsel was not provided." *Id.* Consequently, Plaintiff claims that the statements he made

to Officers Tichnell and Goldstrom, which were self-incriminating, were coerced in violation of

Plaintiff's civil rights. *Id.*

Plaintiff filed a supplemental Complaint on May 20, 2020, adding as additional

Defendants Assistant State's Attorney Michael Twigg, Allegany County Circuit Court Judge W.

Timothy Finan, and Assistant Public Defender Michael Stankan. ECF No. 3 at 4.[1] In the

supplemental Complaint, Plaintiff first clarifies his claims with respect to Officers Tichnell and

Goldstrom, stating that, during Plaintiff's arrest for a crime committed on August 5, 2010,

Officers Tichnell and Goldstrom threatened him and that all of the statements Plaintiff made to

the officers were made under duress. *Id.* at 5–6. Second, Plaintiff claims that the "senior staff" of

Cumberland City Police Department did nothing to stop the abusive questioning of Plaintiff by

Officers Tichnell and Goldstrom, nor did the "senior staff" offer medical attention to Plaintiff. *Id*

at 7. Third, Plaintiff alleges that, from his arrest through his trial and sentencing, Assistant

State's Attorney Twigg "knowingly and falsely mis-represent[ed] evidence and will[fully] lied in

order to persuade a plea for conviction." *Id.* at 8. Fourth, Plaintiff alleges that Judge Finan

"knowingly allow[ed] the State to present evidence that was false in order to allow a plea." *Id*. at

9. Lastly, Plaintiff claims that his public defender, Mr. Stankan, failed to properly perform his

---

[1] The Clerk shall be directed to add these additional Defendants to the docket.

duties, and instead "willingly and knowingly assist[ed] the State by lying about evidence and persuading [Plaintiff to] plea to avoid trial, which was not in the best interest of justice." *Id*. at 10.

Relevant to Plaintiff's allegations, State court records reveal that Plaintiff pleaded guilty to attempted second degree murder and kidnapping on January 12, 2011, and was sentenced to an aggregate term of confinement of 55 years on April 15, 2011. *State v. Westfall*, Case No. 01-K-10-013544 (Circuit Court for Allegany County).[2] Plaintiff's conviction and sentence have not been invalidated. *Id*.

Law Enforcement Defendants filed the instant Motion to Dismiss on February 15, 2021. ECF No. 9. Plaintiff responded in opposition on March 9, 2021. ECF No. 12.

Also relevant to this Memorandum Opinion and accompanying Order, Plaintiff filed a Motion for Leave to Proceed in *Forma Pauperis* on the same day as he filed his initial Complaint. ECF No. 2. The Court granted Plaintiff's Motion to Proceed in *Forma Pauperis* on October 5, 2020. ECF No. 7.

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true all facts pleaded in the Complaint and construes them in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F. 3d 418, 420 (4th Cir. 2005); *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[2] When reviewing a motion to dismiss, the Court "may take judicial notice of matters of public record, including court and administrative filings." *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016) (taking judicial notice of documents attached to the parties' briefings including "opinions and orders of the Maryland OAH, the State Board, and state courts").

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), unsupported legal conclusions, *Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), and conclusory factual allegations devoid of any reference to actual events do not suffice. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Additionally, Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 7. Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court is required to conduct an initial screening of the complaint and dismiss any portion of the complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Where the Court assesses whether a Complaint should be dismissed under § 1915(e)(2)(B), the standards are "the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal citations and quotation marks omitted).

## III.   DISCUSSION

Under Fed. R. Civ. P. 12(b)(6) and the Court's authority pursuant to 28 U.S.C. §§ 1915 and 1915A, the Court dismisses the Complaint against all Defendants because: (A) Judge Finan is entitled to judicial immunity; (B) Assistant State's Attorney Twigg is entitled to absolute prosecutorial immunity; (C) Mr. Stankan is not a state actor for the purposes of § 1983 liability; and (D) Plaintiff's claims against the Police Defendants are prohibited by *Heck v. Humphrey*, 512 U. S. 477 (1994), and also are time-barred. The Court will discuss the claims against each

4

Defendant separately below.

### A.     Judge Finan is Entitled to Judicial Immunity

Plaintiff cannot maintain an action against Judge Finan because such an action is prohibited by the doctrine of judicial immunity. Judicial immunity is designed to protect the judicial process. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Judicial immunity protects a judge from any suit for damages based on judicial acts regardless of whether those claims are brought against him in his official capacity or in his individual capacity. *Mireles v. Waco*, 502 U.S. 9, 9–11 (1991) (per curiam); *Hendricks v. Cook*, No. ELH-19-1674, 2019 WL 2994701, at *2 (D. Md. July 8, 2019) ("The doctrine of judicial immunity reaches claims brought against a judge for acts undertaken in his official or individual capacity."). Additionally, judicial immunity is absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Mireles*, 502 U.S. at 11; *see also Hamilton v. Murray*, 648 F. App'x 344, 344–45 (4th Cir. 2016) ("Judges possess absolute immunity for their judicial acts and are subject to liability only in the 'clear absence of all jurisdiction.'" (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978))). Judicial immunity still applies even if the judge commits "grave procedural errors" or commits judicial acts that allegedly were "done maliciously or corruptly." *Stump*, 435 U.S. at 355–56, 359; *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial

capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362).

Neither exception applies here. Plaintiff is suing Judge Finan for decisions Judge Finan made in his capacity as a judge. ECF No. 3 at 9 (claiming that Judge Finan "knowingly allow[ed] the State to present evidence that was false in order to allow a plea."). Judge Finan is therefore entitled to judicial immunity. Accordingly, the Court will dismiss all claims against Judge Finan pursuant to its authority under 28 U.S.C. §§ 1915 and 1915A.

### B. Assistant State's Attorney Twigg is Entitled to Absolute Prosecutorial Immunity

Plaintiff's claims against Assistant State's Attorney Twigg are barred by the doctrine of absolute prosecutorial immunity, also called quasi-judicial immunity. Absolute prosecutorial immunity is based on the same considerations as the doctrine of judicial immunity and arose as a related doctrine. *Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *see also Nero v. Mosby*, 890 F.3d 106, 121 (4th Cir. 2018). Specifically, absolute prosecutorial immunity emerged due to a "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decision instead of exercising the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 423; *see also Nero*, 890 F.3d at 121. Under the doctrine of absolute prosecutorial immunity, prosecuting attorneys enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler*, 424 U.S. at 430 (stating that "respondent's activities were intimately associated with the judicial phase of the criminal

6

process, and thus were functions to which the reasons for absolute immunity apply with full force" and contrasting a prosecutor's responsibilities as an advocate with a prosecutor's responsibilities as an administrator or investigative officer); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997).

Thus, to determine whether absolute prosecutorial immunity applies to a claim against a prosecutor in a given case, a court focuses on whether the prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 494 (1991) ("[A]bsolute prosecutorial immunity [is justified] only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct."). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). "In applying this functional approach, the Supreme Court has distinguished between advocative functions and investigative or administrative functions, holding that the former enjoy absolute immunity but the latter do not." *Id.* (citing *Kalina*, 522 U.S. at 125–126). The Fourth Circuit has held that:

> A prosecutor acts as an advocate when [he] professionally evaluates evidence assembled by the police, *Buckley* [*v. Fitzsimmons*], 509 U.S. [259,] 273 [(1993)], decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431.

*Nero*, 890 F.3d at 118. Therefore, because Plaintiff bases his claims against Assistant State's Attorney Twigg on Mr. Twigg allegedly "knowingly and falsely mis-represent[ing] evidence and will[fully] l[ying] in order to persuade a plea for conviction[,]" ECF No. 3 at 8, on the face of the suit, Mr. Twigg enjoys absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376–77 (4th Cir. 1996). The Court consequently dismisses Plaintiff's claims against Assistant State's Attorney Twigg pursuant to its authority under 28 U.S.C. §§ 1915 and 1915A.

### C.      Mr. Stankan is Not a State Actor for Purposes of § 1983 Liability

Plaintiff's claims against his court-appointed public defender, Mr. Stankan, also may not proceed. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C.A. § 1983. Thus, in order for Plaintiff to establish a claim against Mr. Stankan under § 1983, Plaintiff must establish two elements: (1) Mr. Stankan "deprived [Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that Mr. Stankan "deprived [Plaintiff] of this constitutional rights under color of [State] statue, ordinance, regulation, custom, or usage." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (internal quotation marks omitted).

Plaintiff cannot establish the second element of his § 1983 claim against Mr. Stankan because Mr. Stankan—Plaintiff's appointed public defender—is not a state actor for the purposes of § 1983 liability. Defense attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty. v. Dodson*, 454 U.S. 312, 453–54 (1981). Thus, because Mr. Stankan is not a state actor for the purposes of § 1983 liability, the Court, pursuant to its authority under 28 U.S.C. §§ 1915 and 1915A, dismisses Plaintiff's § 1983 claim to the extent it is brought against Mr. Stankan.

### D.     Plaintiff's Claims against Police Defendants are Prohibited by *Heck v. Humphrey* and are Time-Barred

Plaintiff's claims against the Police Defendants also fail. Plaintiff claims that the Police Defendants acted improperly in their participation in his arrest and interrogation; this allegation presumes that the arrest and subsequent interrogation were unlawful. *See* ECF No. 3 at 5–7. However, Plaintiff's conviction has never been overturned or successfully challenged. *State v. Westfall*, Case No. 01-K-10-013544 (Circuit Court for Allegany County). As such, the claim is barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U. S. 477, 486–87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").[3] Plaintiff's allegations surrounding his arrest fall squarely within the *Heck* prohibition and may not proceed at this juncture.[4]

Even if *Heck* did not bar Plaintiff's § 1983 claims against the Police Defendants, the claims would nevertheless be time-barred. Because § 1983 does not contain a statute of limitations, the Court applies the limitations period applicable to the most analogous state-law cause of action. *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014). "For § 1983 suits, that cause of action is a personal-injury suit." *Id.* Under Maryland law, plaintiff have three years to file a personal-injury action. *Id.*; *see also* Md. Code Ann., Cts. &

---

[3] Likewise, any claims Plaintiff is asserting against the prosecuting attorney would be also barred under *Heck,* so the Court dismisses Plaintiff's claims against Assistant State's Attorney Twigg on this ground as well.

[4] Police Defendants did not raise a *Heck* prohibition argument in their Motion; however, the Court may consider such an argument pursuant to its authority under 28 U.S.C. §§ 1915 and 1915A.

Jud. Proc. § 5-101.

The Complaint, viewed most favorably to Plaintiff, asserts Plaintiff was improperly questioned by the Police Defendants in August 2010. However, Plaintiff did not pursue his claims until nearly ten years later, in January 2020. Accordingly, the claims against the Police Defendants, to the extent they are not barred by *Heck*, must be dismissed as time barred.[5]

## IV.    CONCLUSION

For the reasons discussed above, Police Defendants' Motion to Dismiss is granted and Plaintiff's claims against Judge Finan, Assistant State's Attorney Twigg, and Mr. Stankan are dismissed pursuant to this Court's authority under 28 U.S.C. §§ 1915 and 1915A.

A separate Order follows.


__6/15/2021_____          /s/_____
Date                               GEORGE J. HAZEL
                                   UNITED STATES DISTRICT JUDGE

---

[5] The Court need not address the Police Defendants' remaining defenses.